FILED
 2022 Jan-31  PM 03:48
U.S. DISTRICT COURT
    N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **ANITA HOLT,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | )  Civil Action No. 5:20-CV-01837-CLS |
| **WAL-MART STORES EAST LP,** | ) ) ) ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

This action is before the court on the motion filed by defendant, Wal-Mart Stores East LP, to dismiss the second amended complaint of plaintiff, Anita Holt (doc. no. 25).

## I.  PRIOR PROCEEDINGS

Anita Holt was terminated by Wal-Mart after she had been employed at its store in Muscle Shoals, Alabama, for twenty-two years.  She sued, alleging numerous claims:  *i.e.*, sex discrimination and retaliation in violation of Title VII of the Civil Rights of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (doc. no. 11 (Amended Complaint),  Counts I and II); discrimination and retaliation in violation of the federal Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (*id.,* Counts III and IV); discrimination and retaliation in violation of the Alabama Age

Discrimination in Employment Act, Ala. Code §§ 25-1-20 – 25-1-29 (*id.*, Counts V and VI); pay discrimination in violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d) (*id.,* Count VII); and, interference and retaliation in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* (*id.,* Counts VIII and IX).

Wal-Mart filed motions to strike plaintiff's amended complaint (doc. no. 12), and to dismiss all of her claims (doc. no. 13). The court granted the motion to strike, and granted the motion to dismiss *in part*, but also denied it in part (doc. no. 21). All of plaintiff's claims, except for her claims of discrimination and retaliation under the federal Age Discrimination in Employment Act ("ADEA"), were dismissed with prejudice. Plaintiff was ordered to file a second amended complaint, "with the focus narrowed to her termination as the sole adverse employment action." Doc. no. 21 (Memorandum Opinion and Orders), at 23. The court warned: "If plaintiff's second amended complaint fails to meet the standards set out in Federal Rules of Civil Procedure 8 and 10, the court will dismiss the remaining claims with prejudice." *Id.* at 23-24.

Plaintiff filed a second amended complaint (doc. no. 22), which Wal-Mart now has moved to dismiss, contending that plaintiff failed to follow the court's order to file a complaint compliant with Rules 8 and 10 of the Federal Rules of Civil Procedure (doc. no. 25).

Upon consideration, the court finds that plaintiff's second amended complaint has sufficiently alleged a claim for retaliation under the ADEA, if only just barely, but failed to state a claim for age discrimination under that same statute.

## II. DISCUSSION

The standards for reviewing motions to dismiss were set out in the memorandum opinion entered on August 4, 2021, as doc. no. 21, at pages 10 and 11, and are incorporated herein by reference.

At the outset, as Wal-Mart correctly points out, plaintiff still appears to allege that it violated Title VII, 42 U.S.C. § 1981, the Equal Pay Act, the Family and Medical Leave Act, and the Alabama Age Discrimination in Employment Act. *See* doc. no. 22 ¶¶ 1-3.  As previously noted, all of those claims were dismissed with prejudice by the Memorandum Opinion and Orders entered on August 4, 2021, as doc. no 21.

While plaintiff's attorney scaled down the allegations of her second amended complaint from 144 to 59 paragraphs, that pleading still is replete with conclusory statements, and contains allegations that are immaterial to plaintiff's two remaining claims: *i.e.*, that her termination was discriminatory and retaliatory because of her age.  As Wal-Mart points out in its motion to dismiss, the second amended complaint contains allegations concerning

> disparate treatment in pay ([doc. no. 22] ¶¶ 13, 58); [denial of] promotion to a customer service manager position (again alleging the

3

existence of comparators) (*Id.*, ¶¶ 15-19, 57-58); continuing violations of denied promotions occurring over the period of June 15, 2017, to May 3, 2019 (*Id.,* ¶¶ 17, 57); [denial of] training for a customer service position (*Id.*, ¶¶ 15-16), failure to investigate her complaints of age discrimination in violation of policy (*Id.*, ¶¶ 22-24); retaliation for complaints of age discrimination in the form of assignment to train younger new employees as cashiers (*Id.*, ¶¶ 25-27); continuing the foregoing and retaliatory treatment throughout 2018 (*Id.* ¶ 28); [denial of] FMLA leave in 2018 (*Id.*, ¶¶ 29-31); discriminating against her with regard to pay and promotions (*Id.*, ¶¶ 57-58); and engaging in a pattern and practice of discriminating against employees in terms and conditions of employment on the basis of age (*Id.,* ¶ 54).

Doc. no. 25 (Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint), at 11-12 (alterations supplied).

The inclusion of those allegations violates the court's order to narrow the focus of plaintiff's amended complaint to termination as the sole adverse employment action, and could justify dismissal. *See Foudy v. Indian River County Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) ("Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order.") (citing *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). Even so, the court will examine each of plaintiff's remaining claims.

**A.   Discriminatory Discharge**

The ADEA forbids an employer to discharge an employee over the age of forty years because of her age. *See* 29 U.S.C. § 623(a)(1). In order to state a claim for relief under that statute, a plaintiff must allege that: (1) she was a member of the

protected group; (2) she was subjected to an adverse employment action; (3) a substantially younger person filled the position from which she was discharged; and (4) she was qualified to perform the duties of the position from which she was discharged. *Liebman v. Metropolitan Life Insurance Company*, 808 F.3d 1294, 1298 (11th Cir. 2015). Additionally, she must allege that, "but for" her age, she would not have been terminated. *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 176 (2009).

Plaintiff failed to allege the third element of a prima facie case — *i.e.*, that she was replaced by a substantially younger person. While she states in paragraph 70 of the second amended complaint that "Wal-Mart replaced Ms. Holt with someone 'substantially younger,'" she does not identify that individual, nor does the remainder of the complaint provide any clue as to the identity of plaintiff's alleged replacement. The allegation is vague and conclusory, and cannot support a claim for discriminatory termination. As such, the claim is due to be dismissed.

**B.   Retaliatory Discharge**

In order to state a claim for retaliatory discharge, a plaintiff must allege that: (1) she engaged in statutorily protected conduct; (2) she suffered an adverse employment action; and, (3) the adverse action was causally related to the protected expression. *Butler v. Alabama Department of Transportation*, 536 F.3d 1209, 1212-13 (11th Cir.

2008).

A plaintiff can establish that she engaged in statutorily protected activity in two ways: by opposition to any practice made unlawful by the ADEA ("the opposition clause"); or by participating in an investigation, proceeding, or litigation under the ADEA ("the participation clause"). 29 U.S.C. § 623(d). Plaintiff has not alleged a participation clause claim, so her claim will be evaluated in the context of the opposition clause.

A claim for retaliation under the opposition clause requires a plaintiff to allege that, regardless of the merit of her complaints, she had a good faith, reasonable belief that the employer's practices violated the ADEA. *See Rollins v. State of Florida Department of Law Enforcement*, 868 F.2d 397, 400 (11th Cir. 1989).

Here, plaintiff alleges in Count Two of her second amended complaint that she "engaged in protected activity under 29 U.S.C. § 621 *et seq*. when she confronted Wal-Mart's management about the possibility of losing her job to a younger employee."[1] That allegation is deficient, as it does not identify the person or persons she "confronted," the date or dates on which that occurred, or the identity of the "younger employee" she believed might replace her. There are other allegations throughout the fifty-nine paragraphs of the second amended complaint's fact section,

---

[1] Doc. no. 22 (Second Amended Complaint) ¶ 76.

however, which indicate that plaintiff opposed discrimination, and those allegations also must be examined to determine whether she has stated a claim for retaliation.

Plaintiff alleged that she "complained to her supervisor and Wal-Mart's manager Drew Stephens about age discrimination concerning the promotions, but nothing was done," and she "specifically complained to Mr. Stephens about being pushed out of the CSM position due to her age." Doc. no. 22 (Second Amended Complaint), ¶¶ 20-21 (emphasis and alterations supplied). While plaintiff does not provide the date on which she made those complaints, the allegations support her contention that she engaged in statutorily protected activity during her employment. Wal-Mart effectively concedes that those allegations are sufficent. *See* doc. no. 28 (Defendant's Reply to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint), at 7 (chart).

Other allegations in the complaint do not hold up, however. Plaintiff alleges that "[i]n October 2018, [she] complained to Wal-Mart's managers, Drew Stephens and Amanda Simpson about *discrimination* and they responded by assigning [her] to perform janitorial duties, cart work, and stocking duties, in addition to her cashier and training duties," and she "did not stop complaining." Doc. no. 22 (Second Amended Complaint), ¶¶ 39 & 40 (emphasis supplied). She also alleges that, "[a]s of May 2, 2019, [she] had complained about *discrimination* to Ardith Berryman, Andrew

Stephens, Amanda Simpson, and Susan Lucy and called Wal-Mart's corporate (800) hotline." *Id.*, ¶ 45 (emphasis supplied). General claims of discrimination will not satisfy the first element of a prima facie retaliation claim. "[A]n employee's complaint must reasonably convey that she is opposing discrimination based specifically upon [age] versus some other type of discrimination or injustice generally." *Willmore-Cochran v. Wal-Mart Associates, Inc.*, 919 F. Supp. 2d 1222, 1234 (N.D. Ala. 2013).

Plaintiff also has sufficiently pled the remaining elements of a claim for retaliatory discharge — *i.e.*, she suffered the adverse action of termination, and she was terminated because she complained about age discrimination. Accordingly, the court will permit her to proceed with that claim.

### III. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED in part and DENIED in part. Wal-Mart is ORDERED to file an answer no later than February 14, 2022, and, thereafter, the parties are ORDERED to proceed to discovery.

**DONE** and **ORDERED** this 31st day of January, 2022.

_____
Senior United States District Judge